IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD. | § § § | |
| | § | C. A. NO. H – 15 – 673 |
| *vs*. | § | ADMIRALTY |
| | § | |
| M/V OCEAN ANGEL, *etc., et al.* | § | |

*ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Co., Ltd. files this Original Complaint against Defendants, the M/V OCEAN ANGEL, *in rem*, and Rams Challenge Carrier Pte. Ltd. ("Rams") and Chaparral Stevedoring Company of Texas, Inc. ("Chaparral"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo of steel coils (the "cargo") and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Japanese corporation with its principal place of business in Tokyo, Japan. At all times material, Plaintiff insured Sumitomo Corporation of America ("Sumitomo") and/or the cargo. Plaintiff paid Sumitomo for the loss of the cargo under an insurance policy and is contractually and/or equitably subrogated to Sumitomo's interest in the cargo. Plaintiff brings this action for itself and, as necessary, for every

person or entity that is or may become interested in the cargo.

3. At all times material and on information and belief, the M/V OCEAN ANGEL was an ocean–going vessel, registered in Singapore, bearing International Maritime Organization (IMO) No. 9386392, weighing approximately 32,379 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4. At all times material, Rams owned, managed and/or operated the M/V OCEAN ANGEL as a common carrier of goods by water for hire between various ports, including the Ports of Osaka, Japan and Houston. Rams is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Rams is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Rams may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Rams has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Rams is consistent with the Constitutions and other laws of the United

States and Texas. Accordingly, serving Rams with a summons is effective to establish personal jurisdiction over it. Rams can be served by serving the Texas Secretary of State. Process or notice can be sent to Rams at its home office in care of United Ocean Ship Management Pte. Ltd., 15, Hoe Chiang Road #22–01, Tower Fifteen, Singapore 089316.

5. At all times material, Chaparral was a Texas corporation engaged in the business of loading and unloading cargo to and from vessels at the Port of Houston. Chaparral can be served by its registered agent, Irby Banquer, 1717 East Loop, Suite 443, Houston, Texas 77029.

6. On or about September 6, 2013, Sumitomo's shipper tendered in good order and condition to Rams at Osaka a cargo of steel coils. Rams agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. Rams acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading, including Bill of Lading No. TOKO–OSHO–0130–3732, free of exceptions or other notations for loss or damage.

7. Thereafter, on or about October 24, 2013, the M/V OCEAN ANGEL arrived at Houston where Rams discharged the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed and otherwise physically damaged. The damages and losses proximately resulted from Rams' acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or

violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V OCEAN ANGEL.

8. Alternatively, the losses proximately resulted from Chaparral's conduct in failing properly to discharge the cargos from the M/V OCEAN ANGEL.  That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

9. Plaintiff proximately has sustained damages exceeding $41,347.76 plus interest dating from September 6, 2013, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Co., Ltd. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V OCEAN ANGEL, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V OCEAN ANGEL be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V OCEAN ANGEL, *in rem*, and Rams Challenge Carrier Pte. Ltd. and Chaparral Stevedoring Company of Texas, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

4

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:     (713) 864–2221
Facsimile:     (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF